Case 1:22-cr-00186-SAG   Document 1-1   Filed 08/27/21   Page 1 of 5

JTW: 08.25.21

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

1:16 pm, Aug 27 2021
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF A COMPLAINT AND ARREST WARRANT FOR **MICHAEL KEVIN RICHARDSON, JR.** | Case No. 1:21-mj-2450 TMD |

### AFFIDAVIT IN SUPPORT OF
### COMPLAINT AND ARREST WARRANT

I, Brandon Woods, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, declare and state as follows:

### INTRODUCTION

1. This affidavit is made in support of a criminal complaint and arrest warrant for **MICHAEL KEVIN RICHARDSON, JR. a/k/a "Jungle"** for possession of ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1).

2. Based on the facts contained in this affidavit, there is probable cause to believe that, on February 25, 2020, **RICHARDSON** possessed ammunition while knowing that he had been convicted of a crime punishable by more than one year in prison.

### AFFIANT'S BACKGROUND

3. I am a Special Agent with ATF and have been since May 2018. I am currently assigned to the ATF Baltimore Field Division, Baltimore Group II, which investigates violations of federal firearms and ammunition laws, violent crimes, and narcotics trafficking. I have attended the United States Department of Homeland Security's Criminal Investigator Training Program and ATF's Special Agent Basic Training, both located in Glynco, Georgia, for a combined period of twenty-six weeks. I have received extensive training, both formal and on-the-job, in the provisions of the Federal Firearms Laws and Federal Narcotics Laws administered under Title 18, Title 21 and Title 26 of the United States Code. As an ATF agent, I have conducted and participated in

numerous investigations concerning violations of federal firearms and ammunition laws, violations of federal controlled substance laws, and the commission of violent crimes. I have received specialized training regarding, and has personally participated in, various types of investigative activities, including, but not limited to, the following: (a) physical surveillance; (b) the debriefing of defendants, witnesses, informants, and other individuals who have knowledge concerning violations of federal firearms, ammunition, and controlled substance laws; (c) undercover operations; (d) the execution of search warrants; (e) the consensual monitoring and recording of conversations; (f) electronic surveillance through the use of pen registers and trap and trace device; (g) the court-authorized interception of both wire and electronic communications (i.e., Title III wiretaps); and (h) the handling, maintenance, and examination of evidence to include wireless phones and computers.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause for **RICHARDSON**'s arrest, I have not included every fact known to me about this investigation. Rather, I have set forth only those facts I believe are necessary to support **RICHARDSON**'s lawful arrest. The statements in this affidavit are based on information provided to me by law enforcement officers, as well as my training, experience, and knowledge of this investigation.

**PROBABLE CAUSE**

5. On February 25, 2020, at about 10:26 p.m., officers with the Baltimore County Police Department responded to the 100 block of Comet Court in Parkville, Maryland, for a reported shooting. When they arrived, they found Anthony Richardson a/k/a "Cream" laying on the ground. He had been shot once in the lower back and twice in the left thigh. Medics transported

Anthony Richardson to the hospital, where he died around 11:05 p.m. An autopsy the following morning concluded that the cause of death was homicide due to multiple gunshot wounds.

6.      The officers received multiple tips that **RICHARDSON** was responsible for the homicide. **RICHARDSON** is seen in surveillance footage returning fire during a non-fatal shooting on February 17, 2020.  Nine millimeter shell casings recovered from the area where **RICHARDSON** returned fire on February 17 link ballistically to 9mm shell casings recovered from the scene of Anthony Richardson's homicide on February 25. In addition, surveillance video from February 25 shows that, around 10:12 p.m., **RICHARDSON** and two associates encountered Anthony Richardson and two of his associates at an Exxon gas station, which is about a seven-minute walk away from the 100 block of Comet Court. **RICHARDSON** and his associations walk in the direction of the crime scene, then run away around the time of the homicide.

7.      On March 26, 2020, investigators apprehended **RICHARDSON**. After waiving his *Miranda* rights, **RICHARDSON** admitted that he was present for the homicide. Although **RICHARDSON** denied being the shooter, investigators recovered his cellphone and executed a search warrant on it. In the phone, investigators found multiple texts where **RICHARDSON** implicated himself as the shooter. Specifically, the texts indicate that **RICHARDSON** wanted to retaliate after the February 17 shooting. He discussed getting ammunition, watching out for law enforcement in the area, and watching Anthony Richardson and his associates. On March 9, 2020, **RICHARDSON** texted messages two phone numbers. In the messages, **RICHARDSON** said, "I killed y'all man." He appeared to describe Anthony Richardson's demeanor during the encounter, how Anthony Richardson's two associates ran during the incident, and that "Cream know whats going on" (referring to Anthony Richardson's nickname).

8. Investigators recovered four 9mm Luger shell casings from the scene of the homicide. I have spoken with an interstate nexus expert who has examined the shell casings and determined that they were 9mm Luger ammunition and that they were not manufactured within the State of Maryland. Therefore, they affected interstate commerce between the time they were manufactured and the time they were recovered by investigators on February 25, 2020.

9. I have reviewed **RICHARDSON**'s criminal history and determined that he has been convicted of a crime punishable by imprisonment of more than one year. In addition, **RICHARDSON** has received a sentence in excess of one year's imprisonment. Though much of that time was suspended, I believe that the nature of the sentence made **RICHARDSON** aware that he had been convicted of a crime punishable by imprisonment of more than one year.

## CONCLUSION

10. As a result of the information above, there is probable cause to believe that, on February 25, 2020, **RICHARDSON** possessed ammunition while knowing that he was a prohibited person in violation of 18 U.S.C. § 922(g)(1).

WHEREFORE, I respectfully request that the Court authorize the attached criminal complaint and issue the arrest warrant.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

BRANDON WOODS
Digitally signed by BRANDON WOODS
Date: 2021.08.25 11:03:19 -04'00'

Special Agent Brandon Woods
Bureau of Alcohol, Tobacco, Firearms, and Explosives

1:21-mj-2450 TMD

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 4(d) this \_\_\_\_26\_\_\_\_ day of \_\_\_August\_\_\_\_, 2021.

_____
The Honorable Thomas M. DiGirolamo
United States Magistrate Judge